■ THEODORE HIGDON et al., Respondents, v COUNTY OF NASSAU, Appellant, et al., Defendants.—In a medical malpractice action, the County of Nassau appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Kutner, J.), dated March 12, 1985, as granted that branch of the plaintiffs' motion which was to preclude it from proving the presence of a physician in the ambulance on the date in question unless the name and address of such physician was provided to the plaintiffs within 20 days.

Order affirmed insofar as appealed from, with costs. The appellant's time to provide the plaintiffs with the answer to item No. 2 of the plaintiffs' notice for discovery and inspection dated September 11, 1984, is extended until 20 days after service upon it of a copy of the order to be made hereon, with notice of entry.

By notice for discovery and inspection dated September 11, 1984, the plaintiffs requested, *inter alia,* the name and address of the physician, intern or resident, if any, present in the ambulance where the alleged malpractice took place. The plaintiffs had demanded this information previously, and the appellant had responded by providing the names and addresses of ambulance personnel only. A subsequent deposition of one of these individuals revealed the possibility that a physician was in the ambulance on the subject date, and the instant notice for discovery and inspection was served. In response thereto, the appellant wrote a letter stating, "[t]o date we are unable to document the name of the physician present".

The plaintiffs moved, *inter alia,* to preclude the appellant from claiming or offering any evidence with respect to this physician. In opposition, the appellant stated, "[a]lthough the name of the physician is not presently known to the County Attorney, this office is endeavoring to determine his or her identity. Upon positive identification that physician's name and last known address will be forwarded to all counsel."

Special Term granted the aforenoted branch of the plaintiffs' motion conditionally, giving the appellant an additional 20 days to comply with the notice.

Under the circumstances herein, it was not abuse of discretion for Special Term to conditionally grant preclusion. Although it cannot be said that the appellant's conduct amounted to a "willful failure" to comply, it has offered no explanation or justification for its failure to comply *(see, Mountain Equities v Insurance Co.,* 59 AD2d 670). The appellant is under an obligation to conduct its litigation in a forthright manner *(see, Kramme v Town of Hempstead,* 100 AD2d 447). In light of the considerable time which it has had to comply, it is appropriate that it provide this information within 20 days after service upon it of a copy of the order to be made hereon, with notice of entry, or be precluded from offering such evidence. Mangano, J. P., Gibbons, Weinstein, Eiber and Spatt, JJ., concur.