■ JONATHAN C. SMALL, Respondent, v SUFFOLK COUNTY HONDA, Appellant, and AMERICAN HONDA MOTOR CO., INC., Respondent. AL SACHER & SONS MOTORCYCLES, INC., Doing Business as SUFFOLK COUNTY HONDA, Third-Party Plaintiff-Appellant v HONDA MOTOR COMPANY, LTD., et al., Third-Party Defendants-Respondents.—Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered January 28, 1988, which granted the motion of the defendant-appellant and third-party plaintiff-appellant Al Sacher & Sons Motorcycles, Inc., doing business as Suffolk County Honda (Suffolk) for an examination before trial of the third-party defendant Honda Motor Company, Ltd. (Honda), and *sua sponte,* directed that if Honda fails to produce a witness on January 15, 1988, it would be precluded from introducing evidence by an employee of Honda at trial, unanimously modified, on the law, the facts and in the exercise of discretion, without costs, to vacate the penalty provided in the order, and to substitute a direction that if Honda fails to produce a witness with knowledge of the facts for examination within 30 days of service upon it of a copy of this court's order with notice of entry, then Honda's answer to the third-party complaint shall be stricken, and otherwise affirmed.

This is an action for personal injuries sustained by plaintiff in 1982 when the kick-start lever on his motorcycle allegedly kicked back and struck his heel. Plaintiff sued Suffolk, the seller, and American Honda Motor Co., Inc., the distributor, for negligence, strict product liability and breach of warranty. Suffolk brought a third-party action against Honda Motor Company, Ltd. (Honda) and Foreign Japan, Inc., the manufacturers.

By notice dated October 26, 1984, Suffolk noticed Honda's deposition. On October 15, 1986 the IAS court "so ordered" a stipulation requiring Honda to comply with certain discovery requests not here pertinent, and also to produce a witness for deposition 30 days prior to the first assigned trial date. At a pretrial conference held on October 22, 1987, which was within 30 days of the assigned trial date, counsel for Honda stated that he did not intend to produce a witness from Honda 30 days before trial because, in the court's words, he was "not going to use anyone from Japan, from that company as a

representative of that company at the trial." The court thereupon excused Honda's attorneys from appearing at an EBT. Suffolk attempted to appeal that oral order, but on December 8, 1987 this court dismissed the appeal on the ground that an appealable order did not exist.

Suffolk thereupon moved in the Supreme Court for an order compelling Honda to produce a witness for examination, urging that despite Honda's announced trial strategy, Suffolk still needed to depose Honda in order to defend against plaintiff's action, and to prosecute its third-party action. Honda urged that the purpose of the deposition was moot because Honda was not going to produce a witness at trial who is or ever was a Honda employee, but reserved its right to produce testimony by an independent expert. By order entered January 28, 1988, the IAS court directed Honda to produce a witness for examination on January 15, 1988, and, *sua sponte,* provided that if Honda did not produce a witness on that date, then Honda would be precluded from introducing at trial any evidence by an employee.

Honda argues here that the order below is not appealable since Suffolk obtained the full relief sought, and in addition a sanction it had not even asked for. *(Cf., Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539, 544-545.) Suffolk argues that the conditional penalty fashioned by the court was really no penalty at all, since Honda had already expressed to the court that it did not intend to introduce any testimony of an employee at the trial.

We agree with Suffolk that it is aggrieved by the order appealed from, since the sanction imposed upon Honda contingent upon its failure to produce a witness with knowledge of the facts for examination is in reality no sanction at all in the context of Honda's expressed intention. One of the penalties that may be imposed for failure to produce a witness for examination is striking the offending party's pleading. (CPLR 3126 [3].) We believe that if Honda faces the striking of its answer as a penalty, it may be more inclined to comply with the IAS court's order to produce a witness for examination, and we accordingly modify the order below to so provide. Concur—Sandler, J. P., Milonas, Kassal and Ellerin, JJ.