■ EDMAR MENDIZABAL, an Infant, by His Parent, EDGAR MENDIZABAL, et al., Appellants-Respondents, v ADAM NABILA et al., Respondents-Appellants.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) so much of an order of the Supreme Court, Nassau County (McCabe, J.), dated October 25, 1989, as, upon renewal, denied their motion to strike the defendants' answer on condition that the defendant Adam Nabila either submits to a deposition or responds to certain interrogatories, (2) stated portions of an order of the same court dated November 28, 1989, which, *inter alia*, upon reargument, adhered to the original determination, and (3) stated portions of an order of the same court, dated February 22, 1990, which, *inter alia*, denied, upon certain conditions, their motion to strike the answer for failure to comply with the order dated November 28, 1989, and the defendants cross-appeal from (1) so much of the order dated November 28, 1989 as directed them to pay the cost of air fare and the reasonable costs of food and lodging which would be incurred by the plaintiffs' counsel upon a trip to Egypt to depose Adam Nabila, and (2) so much of the order dated February 22, 1990 as imposed sanctions upon the defendants' counsel of $5,000, and awarded the plaintiffs attorneys' fees.

Ordered that the appeal from the order dated October 25, 1989 is dismissed, without costs or disbursements, as that order was superseded by the order dated November 28, 1989, made upon reargument; and it is further,

Ordered that the order dated November 28, 1989 is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated November 28, 1989 is reversed insofar as cross-appealed from, without costs or disbursements, and the provisions thereof which directed the defendants to pay the cost of air fare and the reasonable costs of food and lodging which would be incurred by the plaintiffs' counsel upon a trip to Egypt to depose Adam Nabila are deleted; and it is further,

Ordered that the order dated February 22, 1990 is reversed insofar as cross-appealed from, without costs or disbursements, and the provisions thereof which imposed sanctions upon the defendants' counsel and awarded the plaintiffs attorneys' fees are deleted; and it is further,

Ordered that on the appeal by the plaintiffs, the order dated February 22, 1990 is modified, by deleting therefrom the provision denying the plaintiffs' motion to strike the answer on condition that Adam Nabila appears for a deposition in Egypt, and substituting therefor a provision granting the motion only to the extent of directing that the answer, as asserted on behalf of Adam Nabila, is stricken unless she appears for a deposition in the Supreme Court, Nassau County, at least 20 days before the commencement of the trial; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

The plaintiffs seek to have this court strike the answer as asserted on behalf of the defendant Adam Nabila as a sanction for Nabila's allegedly willful refusal to obey prior court orders respecting discovery (see, CPLR 3126). The defendants cross-appeal, and seek to have this court, inter alia, vacate or modify those lesser sanctions which have already been imposed by the Supreme Court.

When the plaintiffs commenced this action in 1988 they knew, or had reason to believe, that Adam Nabila resided in Cairo, Egypt. Service of process was in fact directed at Nabila at an address in that city in accordance with the provisions of Vehicle and Traffic Law § 253. Defense counsel, apparently assigned to represent Nabila pursuant to the terms of the insurance policy which covers the codefendant's vehicle, should also have been aware of this fact, although the record is not clear on this point. In any event, defense counsel evidently failed to raise any objection when, in an order dated March 30, 1988, Nabila was directed by the Supreme Court, after a pretrial conference, to appear in Nassau County for a deposition on April 13, 1988.

After Nabila failed to appear for that deposition, the plaintiffs made a motion (not contained in the present record on appeal) which culminated in an order dated June 3, 1988. Pursuant to this order, defense counsel was directed to "ascertain" Nabila's whereabouts. The court also ordered that, unless Nabila would be traveling to New York "in the near

future", the plaintiffs would be permitted to place the action on the Trial Calendar. In the latter event, Nabila would be precluded from testifying at trial unless she were to have been deposed at least 30 days before trial. The plaintiffs' motion for sanctions was otherwise explicitly *denied*. There was no appeal from this order.

In July of 1988 defense counsel complied with the order of June 3, 1988 by notifying the plaintiffs' attorney that Nabila was, in fact, residing in Egypt and that Nabila did not foresee any imminent return to New York. The plaintiffs' attorney then placed the action on the Trial Calendar. The trial was eventually scheduled to commence on October 10, 1989. (Since Nabila had not yet been deposed, she would have been precluded from testifying pursuant to the order dated June 3, 1988, *supra.)*

Shortly before the scheduled commencement of the trial, the plaintiffs' attorney sought, and was granted, an adjournment for the purposes of making another motion. He then made a motion to strike the answer, which was interposed on behalf of both defendants (even though it is only the defendant Nabila who is claimed to be in default). In support of this motion, which he conceded was in fact a motion to renew, the plaintiffs' attorney claimed to have been advised in April of 1989 that Nabila had returned to New York and he also claimed that defense counsel had agreed to schedule a deposition for May 18, 1989. However, there had evidently been some mistake, the source of which is not clear, for it was later learned that Nabila had in fact not returned from Egypt. The plaintiffs' attorney was advised of this fact as early as May 17, 1989.

The Supreme Court decided the renewed motion to strike the defendants' answer by order dated October 25, 1989. This order, in substance, modified the order dated June 3, 1988 (which had authorized preclusion as the *sole* sanction for Nabila's failure to appear for a deposition) and directed that the answer as asserted on behalf of Nabila be stricken unless she were *either* to appear for a deposition *or* were to respond to written interrogatories. This order thus permitted Nabila to escape the imposition of sanctions for failure to appear for a deposition unless she refused to answer interrogatories.

The plaintiffs, not content with this order (inasmuch as it authorized a sanction only in the event that Nabila refused *both* to be deposed on oral questions *and* to be deposed on written questions), appealed to this court and simultaneously

made a motion to reargue. Upon granting reargument, the court, in an order dated November 28, 1989, directed the defendants' attorneys to produce Nabila for a deposition in Egypt, and to reimburse the plaintiffs' attorney for whatever "reasonable" costs he might incur in traveling to and accommodating himself in Egypt. This deposition was to be arranged within 20 days, and was to be held within 60 days of the service of the order. The plaintiffs appealed from this order, and the defendants cross-appealed from the order. The plaintiffs argue that the answer as asserted on behalf of Nabila should have been stricken unconditionally. The defendants argue that the Supreme Court abused its discretion in ordering them to arrange and pay for a deposition in Egypt.

The defendants failed to comply with the terms of the order dated November 28, 1989. In response to yet another motion to strike, the Supreme Court, *inter alia,* imposed a sanction of $5,000 upon the defendants' attorneys in an order dated February 22, 1990. The court declined to grant the plaintiffs' request for an unconditional order striking Nabila's answer. The plaintiffs appealed and the defendants cross-appealed. This matter was added to the calendar of March 19, 1990.

We do not believe that the ultimate sanction demanded by the plaintiffs in this case is warranted. Although there seems to be no valid excuse for defense counsel's failure to secure Nabila's compliance with the preliminary conference order, that order was in effect superseded by the subsequent order dated June 3, 1988. It was incumbent upon the plaintiffs' attorney to appeal from the latter order if (as he now claims) it did not adequately punish Nabila's failure to obey the preliminary conference order. Once the unappealed order dated June 3, 1988 became final, the defendants (and their attorneys) had every right to believe that the only sanction for any failure by Nabila to appear for a deposition would be the preclusion of her testimony, *not* the striking of her answer. This remained the status quo for over one year.

Defense counsel complied with the June 3, 1988 order by advising the plaintiffs' attorney of Nabila's whereabouts, and by advising him that Nabila's return to New York was not imminent. The plaintiffs' attorney then, in compliance with the June 3, 1988 order, placed his action on the Trial Calendar, and took no further action until the eve of trial in October of 1989 (even though he knew as early as May of that year that Nabila was not in, and not about to come to, New York). Under these circumstances, we see no error, and no improvident exercise of discretion, with respect to so much of

the order dated October 25, 1989 as denied the plaintiffs' renewed motion *to* strike. While Nabila had, at an earlier point in the litigation, been in default of the preliminary conference order dated March 30, 1988, she was effectively relieved of that default by virtue of the order dated June 3, 1988, at least to the extent that that unappealed order limited any sanction that might be imposed on her to the preclusion of her testimony. We might well agree with the argument that this sanction was inadequate *(cf., Small v Suffolk County Honda,* 141 AD2d 448). However, once the order on which that sanction was imposed became final, the court need not have modified it on a motion to renew in the absence of some significant change in circumstances *(see generally, Foley v Roche,* 68 AD2d 558). The court did not err in refusing to impose, in its October 25, 1989 order, a sanction which it had effectively ruled out in its June 3, 1988 order.

We also note that the plaintiffs are not aggrieved by so much of the order dated October 25, 1989 as allowed them to serve interrogatories on Nabila, and provided for a prospective sanction in the event that Nabila were to fail to respond. The defendants have not cross-appealed from this (or any) aspect of this order and we need not decide whether the plaintiffs were properly permitted to serve interrogatories.

As repeatedly noted above, the Supreme Court's order of June 3, 1988, which was not appealed from by the plaintiffs, defined the sanction which would be imposed if Nabila were to fail to appear for a deposition prior to trial. That sanction was preclusion. Neither the defendants nor their attorneys ever made an unequivocal representation that Nabila would be coming to New York at any particular time. (The apparently false information regarding Nabila's presence in New York in April or May of 1989 was apparently provided by a claims adjuster.) There was no change in circumstances between June of 1988 and October-November of 1989 sufficient to warrant the modification by the Supreme Court of its prior order. Moreover, we find that the provisions of the order which compel defense counsel to arrange a deposition in Egypt (itself not an easy thing to do) and which compel defense counsel to pay the costs of travel and lodging constitute a clearly improvident exercise of discretion under all the circumstances of this case. Therefore, the order dated November 28, 1989 *must be* reversed insofar as cross-appealed from.

Finally, our reversal insofar as cross-appealed from of the order dated November 28, 1989 does not necessarily excuse the defendants' failure to comply with its terms. There was no

stay of that order in effect. The fact that we consider the directives contained in that order to have been improvident does not automatically excuse the defendants' disregard of them. Nevertheless, under the particular circumstances of this case, and in light of the obvious practical difficulties which would impede any attempt to comply with the order of November 28, 1989, we do not believe that striking the answer as asserted on behalf of Nabila is an appropriate punishment (see, CPLR 3126). Instead, we believe that the answer as asserted on behalf of Nabila should be stricken conditionally, that is, unless Nabila appears at the Supreme Court, Nassau County, for a deposition at least 20 days prior to the commencement of trial (cf., Marine Midland Natl. Bank v Houston, 30 AD2d 610).

The matter is remitted in order to allow the Supreme Court to select a date for trial sufficiently far in the future to allow Nabila a reasonable opportunity to arrange to comply with this order. Mangano, P. J., Bracken, Kooper and Balletta, JJ., concur.