■ QUENTIN BUFOGLE, Individually and as Administrator of the Estate of LILLIAN BUFOGLE, Deceased, Respondent, v ANTHONY J. PESIRI, Appellant.—In an action to recover damages

for wrongful death arising from medical malpractice, the defendant appeals from so much of an order of the Supreme Court, Queens County (Durante, J.), dated October 6, 1988, as, upon reargument, adhered to the original determination denying his motion to dismiss the complaint or, in the alternative, to preclude the plaintiff from presenting evidence of loss of earnings based upon a failure to comply with discovery orders.

Ordered that the order is modified, by deleting therefrom the provision adhering to the original determination denying that branch of the defendant's motion which was to preclude the plaintiff from submitting proof of loss of earnings, and substituting therefor a provision granting that branch of the motion unless the plaintiff executes and serves upon the defendant the authorizations for release of Federal, State, and New York City tax returns for the decedent's corporation and her estate for the years 1980 until 1983; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the plaintiff's time to serve the authorizations upon the defendant is extended until 20 days after service upon him of a copy of this decision and order, with notice of entry.

Contrary to the defendant's contention, we find that the trial court did not improvidently exercise its discretion in refusing to dismiss the complaint pursuant to CPLR 3126 (3) due to the plaintiff's failure to comply with the court's disclosure orders. The record shows that the plaintiff's initial failure to provide the requested tax records was not willful or contumacious (see, Sloben v Stam, 157 AD2d 835; Delaney v Automated Bread Corp., 110 AD2d 677), as those documents were not in the plaintiff's possession.

However, because the plaintiff failed to comply with several subsequent demands and court orders to execute effective authorizations which would have enabled the defendant to obtain these documents, despite being afforded ample time to do so, and further failed to explain these omissions to the court, we find it appropriate to grant that branch of defendant's motion which was to preclude the plaintiff from proving loss of earnings at the trial unless he executes and serves upon the defendant the proper authorizations within 20 days after service upon him of a copy of this decision and order, with notice of entry (see, Mendizabal v Nabila, 160 AD2d 846; Higdon v County of Nassau, 121 AD2d 366). Mangano, P. J., Brown, Sullivan, Harwood and Miller, JJ., concur.