Felice v Metropolitan Diagnostic Imaging Group, LLC (2019 NY Slip Op 02067)





Felice v Metropolitan Diagnostic Imaging Group, LLC


2019 NY Slip Op 02067


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2016-10529
 (Index No. 4471/11)

[*1]Constance Felice, appellant, 
v
Metropolitan Diagnostic Imaging Group, LLC, et al., respondents, et al., defendant.


Kenneth J. Gorman, P.C., New York, NY, for appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for employment discrimination on the basis of sex and unlawful retaliation in violation of Executive Law § 296 and Administrative Code of the City of New York § 8-107, the plaintiff appeals from an order of the Supreme Court, Kings County (Wavny Toussaint, J.), dated August 17, 2016. The order, insofar as appealed from, granted the cross motion of the defendants Metropolitan Diagnostic Imaging Group, LLC, Narrows MRI and Diagnostic Radiology, P.C., Lowell Barak, Darline Benark, Denise Large, Andrew Mongiardo, Susan Podbielski, Kevin Unruh, and Alan Winakor pursuant to CPLR 3126 to dismiss the complaint "or otherwise sanction plaintiff for her continued refusal to comply with and disregard for Court orders" to the extent that the plaintiff was "barred from offering any evidence for any claim premised on the introduction of or which relies on the audio files she failed to produce."
ORDERED that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof precluding the plaintiff "from offering any evidence for any claim premised on the introduction of or which relies on the audio files she failed to produce," and substituting therefor a provision precluding the plaintiff from using at the trial of this action the audio files and transcripts that were the subject of a conditional order of preclusion dated April 8, 2015; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
On February 25, 2011, the plaintiff commenced this action to recover damages for employment discrimination on the basis of sex and unlawful retaliation in violation of Executive Law § 296 and Administrative Code of the City of New York § 8-107. The plaintiff alleged in her complaint, inter alia, that "she was subjected to pervasive and severe sexual harassment that created an offensive and hostile work environment." Issue was joined by the defendants Metropolitan Diagnostic Imaging Group, LLC, Narrows MRI and Diagnostic Radiology, P.C., Lowell Barak, Darline Benark, Denise Large, Andrew Mongiardo, Susan Podbielski, Kevin Unruh, and Alan Winakor (hereinafter collectively the defendants) by the service of their answer dated May 6, 2011.
The plaintiff alleged that she was in possession of dozens of "damning" audio files that she claimed "unequivocally show[ed] sexual harassment and a hostile work environment." Throughout the course of discovery, the defendants repeatedly requested the plaintiff to produce all audio files in the original format and transcripts of the recordings. At no time did the plaintiff ever object to the production of these files in the original format.
In April 2014, the defendants moved pursuant to CPLR 3126 to dismiss the complaint based upon discovery violations (hereinafter the motion to dismiss). While the motion to dismiss was sub judice, the Supreme Court issued an order dated July 16, 2014, which directed the "[p]laintiff to provide original source recording[s] or [an] explanation as to what happened to [the] original source recording[s]" prior to July 23, 2014. The plaintiff submitted an affidavit sworn to on July 21, 2014, in opposition to the motion to dismiss and in accordance with the July 16, 2014, order. In her affidavit, the plaintiff averred that she made the recordings on digital tape recorders, transferred the audio files of the recordings to her computer within days of each recording, and then deleted the audio files of the recordings from her digital tape recorders in order to free space for more recordings. The plaintiff further averred that the copies she provided from her computer "are complete and accurate reproductions of the conversations and have not been altered by me." By order dated April 8, 2015, the Supreme Court granted the motion to dismiss to the extent of issuing a conditional order, inter alia, precluding the plaintiff from using the audio files and corresponding transcripts at trial unless she produced these items by a date certain.
In June 2016, the plaintiff moved to restore the case to the active calender. In response, the defendants cross-moved pursuant to CPLR 3126 to dismiss the complaint "or otherwise sanction plaintiff for her continued refusal to comply with and disregard for Court orders." By order dated August 17, 2016, the Supreme Court, inter alia, granted the cross motion to the extent that the plaintiff was "barred from offering any evidence for any claim premised on the introduction of or which relies on the audio files she failed to produce." The plaintiff appeals. 
"A conditional order of preclusion requires a party to provide certain discovery by a date certain, or face the sanctions specified in the order" (Naiman v Fair Trade Acquisition Corp., 152 AD3d 779, 780). " With this conditioning, the court relieves itself of the unrewarding inquiry into whether a party's resistance was wilful'" (Gibbs v St. Barnabas Hosp., 16 NY3d 74, 82, quoting Siegel, NY Prac § 367 at 608 [4th ed 2005]). "When a plaintiff fails to timely comply with a conditional order of preclusion, the conditional order becomes absolute" (Piemonte v JSF Realty, LLC, 140 AD3d 1145, 1146).
Contrary to the plaintiff's contentions, she failed to comply with the directives set out in the conditional order of preclusion dated April 8, 2015. However, where, as here, a conditional order of preclusion specifies a penalty for the failure to comply, absent a change in circumstances, it is inappropriate for the court to impose a harsher penalty (see Brothers v Bunkoff Gen. Contrs., 296 AD2d 764, 765; Mendizabal v Nabila, 160 AD2d 846, 849). The Supreme Court improvidently exercised its discretion in barring the plaintiff from offering any evidence for any claim premised on the introduction of or which relies on the audio files the plaintiff failed to produce. Instead, the appropriate sanction was the one set forth in the conditional order of preclusion, which precluded the plaintiff from using the audio files and corresponding transcripts at trial unless she produced these items by a date certain, which she failed to do.
The plaintiff's remaining contention is without merit.
DILLON, J.P., CHAMBERS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court