opinion of the court
Theodore Diamond, J.
This CPLR 325 (subd [d]) case, involving a child who allegedly, fell on a broken step in defendant’s multiple dwelling, was assigned to this part for trial.
Defendant moves to preclude plaintiff from introducing testimony by Mr. Classic, who witnessed the incident. Defendant’s June 4, 1981 “Demand for Names and Addresses of Witnesses” stated that defendant “will object at time of trial of this action to testimony of any persons not so identified.” The existence of plaintiff’s witness was not divulged to defendant.
The disclosure provisions in the CPLR are intended “to advance the function of a trial to ascertain truth and to accelerate the disposition of suits.” (Rios v Donovan, 21 AD2d 409, 411.) CPLR 3101 (subd [a]) defines a standard for New York practice: “There shall be full disclosure of all evidence material and necessary in the prosecution * * * of an action, regardless of the burden of proof”. Subdivisions (b), (c), and (d) create exceptions. The word “evidence” has been broadly construed to mean evidence required in preparation for trial. “Disclosure extends to all relevant information calculated to lead to relevant evi *863 dence.” (West v Aetna Cas. & Sur. Co., 49 Misc 2d 28, 29, mod and affd 28 AD2d 745; Johnson v New York City Health & Hosps. Corp., 49 AD2d 234.) It is well established that “evidence” includes the names of any known people who witnessed the event at issue (Rios v Donovan, supra), including not only eyewitnesses, but anyone who can shed light on what happened (Zayas v Morales, 45 AD2d 610; Foremost Ins. Co. v 3 Grace Ave., 58 AD2d 590). Even if the names of witnesses are obtained by investigation made after the occurrence, they are discoverable. (Zellman v Metropolitan Transp. Auth., 40 AD2d 248.)
In this case, I rule that the defendant was not required to make a prior motion to preclude testimony of this witness as plaintiff contends, even if defendant learned of the existence of the witness before the date of trial.
To get this matter on the calendar, plaintiff had to file a note of issue and statement of readiness, which indicated that all necessary discovery had been completed. Even if plaintiff was unaware of the witness at that time, which is unlikely, he had a continuing responsibility to advise defendant in writing when he did learn of the witness. Therefore, defendant’s motion to preclude the witness from testifying is granted.
Upon plaintiff’s motion to adjourn the trial for three months, and defendant’s request to proceed to immediate trial without Mr. Classic’s testimony, the case is marked “off calendar” in the interest of the infant plaintiff.