■ MARGARET E. McDERMOTT et al., Respondents, v SOUTH FARMINGDALE WATER DISTRICT, Defendant, and TOWN OF OYSTER BAY, Appellant.—In an action to recover damages for personal injuries, the defendant Town of Oyster Bay appeals from an order of the Supreme Court, Nassau County (Roncallo, J.), dated June 12, 1989, which denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as it is asserted against the appellant, and the action against the defendant South Farmingdale Water District is severed.

The plaintiff Margaret McDermott alleged that she lost control of her vehicle and suffered personal injuries when, on the evening of April 22, 1985, the left side of the car that she was driving on North Hickory Street near Fern Drive in North Massapequa dropped and pivoted, owing to a depressed water main cover in the roadway.

The defendant Town of Oyster Bay moved for summary judgment, alleging that it had had no notice of and had not created the defective condition. In support of its motion, it submitted, inter alia, two affidavits from its Superintendent of Highways alleging that the town did not "have in its posses-

sion any records" regarding repaving at the site since 1950, and that a search of "all road opening permits, logbooks, and complaint books" revealed "no records regarding paving or repaving by the TOWN OF OYSTER BAY at or around the alleged accident site". These affidavits sufficed to establish prima facie the town's entitlement to summary judgment, and it was then the plaintiff's burden to produce proof in admissible form to show that there indeed existed a genuine triable issue of fact (see, Alvarez v Prospect Hosp., 68 NY2d 320, 324; Ferber v Sterndent Corp., 51 NY2d 782, 783; Jones v Gameray, 153 AD2d 550; Zigman v Town of Hempstead, 120 AD2d 520, 521). This the plaintiffs failed to do, producing instead only an attorney's affirmation in support of their contention that the depression in the roadway had been caused by a paving contractor hired by the town—a theory the plaintiffs' counsel alleged was supported by the deposition testimony of a witness for the codefendant South Farmingdale Water District to the effect that any repaving would have been arranged by the town. The pertinent pages of that witness's deposition testimony were not made part of the record. The affidavit of an attorney without firsthand knowledge has no probative force (see, Di Sabato v Soffes, 9 AD2d 297, 300-301). Since the plaintiffs failed to carry their burden of opposing the defendant town's motion by adducing more than "bald, conclusory allegations" (Jones v Gameray, supra, at 551), the complaint is dismissed. Brown, J. P., Lawrence, Eiber, Harwood and Rosenblatt, JJ., concur.