■ CHERYL ROBINSON, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent.—Order and judgment (one paper), Supreme Court, Bronx County (Howard R. Silver, J.), entered October 29, 1991, which, insofar as appealed from, granted defendant's cross motion for summary judgment dismissing the complaint with prejudice, unanimously affirmed, without costs.

The IAS court did not abuse its discretion in precluding the testimony of the plaintiff's notice witnesses. At the preliminary conference, plaintiff stated she had no notice witnesses,

and it was not until more than a year after a preliminary conference order directing plaintiff to disclose the identities of her witnesses, after she had filed a note of issue, and then only in opposition to a motion for summary judgment, did plaintiff finally disclose that her two sons were her notice witnesses *(see, Higdon v County of Nassau,* 121 AD2d 366; *Zayas v Morales,* 45 AD2d 610; *Roman v Shik,* 114 Misc 2d 862). Preclusion of plaintiff's belatedly identified notice witnesses necessarily entailed summary judgment in defendant's favor, since, as the IAS court noted, without the testimony of such witnesses plaintiff could not make a prima facie showing that defendant either created the alleged defective condition that caused her to fall or had actual or constructive notice of the condition for such a reasonable period of time that, in the exercise of reasonable care, it should have discovered and corrected it *(Trujillo v Riverbay Corp.,* 153 AD2d 793; *Anderson v Klein's Foods,* 139 AD2d 904, *affd* 73 NY2d 835, *rearg denied* 73 NY2d 918). We have reviewed the plaintiff's remaining claims and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Kassal, JJ.