◼ REYNA ORTEGA et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [692 NYS2d 131] —In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (I. Aronin, J.), dated May 6, 1998, as denied that branch of its motion which was for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendant's motion which was for summary judgment is granted, and the complaint is dismissed.

We agree with the defendant that the affidavits of a notice witness and an expert submitted by the plaintiffs in opposition to its motion for summary judgment should not have been considered by the Supreme Court (see, *Salzo v Bedding Showcase*, 238 AD2d 180; *Mankowski v Two Park Co.*, 225 AD2d 673; *Robinson v New York City Hous. Auth.*, 183 AD2d 434). The plaintiffs advised the defendant in 1994 in response to discovery demands that they had no such witnesses, and the plaintiffs filed a note of issue and certificate of readiness for trial in 1995 certifying that discovery proceedings were completed. The witnesses were not disclosed until more than nine years after the action was commenced, in response to the defendant's motion for summary judgment, and no valid excuse was offered for the delay.

In any event, the evidence was insufficient to defeat the defendant's motion for summary judgment. The plaintiff Reyna Ortega allegedly slipped on a "slimy" substance in an underground passageway in a subway station. There is no evidence that the defendant created or had actual notice of the alleged dangerous condition, or that the condition was visible, apparent, and existed for a sufficient length of time to constitute constructive notice (see, *Gordon v American Museum of Natural History*, 67 NY2d 836; *Panzella v Shop Rite Supermarkets*, 238 AD2d 490; *Rosario v New York City Tr. Auth.*, 215 AD2d 364). Furthermore, the evidence was insufficient for a trier of fact to rationally infer that the defendant should have had constructive notice of a condition which the plaintiffs alleged to

be a recurring hazard (*see, Cellini v Waldbaum, Inc.,* 262 AD2d 345; *Greenwald v Gerritsen Foodtown Corp.,* 260 AD2d 349; *see also, Piacquadio v Recine Realty Corp.,* 84 NY2d 967; *Durney v New York City Tr. Auth.,* 249 AD2d 213; *Mercer v City of New York,* 223 AD2d 688, *affd* 88 NY2d 955). Bracken, J. P., O'Brien, Krausman and McGinity, JJ., concur.