■ DARLENE MASUCCI-MATARAZZO, Appellant, v MICHAEL HOSZOWSKI, Defendant, and CHURCHILL OWNERS CORP. et al., Respondents. [736 NYS2d 866] —Order, Supreme Court, New York County (Edward Lehner, J.), entered May 30, 2001, which, in an action by a tenant/shareholder for personal injuries sustained in attempting to open an allegedly defective window in her apartment, granted defendants-respondents cooperative's and managing agent's motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

The motion court properly rejected plaintiff's husband's affidavit submitted in opposition to defendants' motion for summary judgment made after plaintiff had filed a note of issue. Plaintiff never before identified her husband as a person who gave defendants actual notice of the allegedly defective window notwithstanding that defendants had sought the names of any such notice witnesses in demands for a bill of particulars and for the names and addresses of witnesses, and a preliminary conference order had directed plaintiff to disclose any such witnesses in a supplemental bill of particulars (see, Robinson v New York City Hous. Auth., 183 AD2d 434). Nor did plaintiff offer any excuse for this failure to comply with her disclosure obligations. Preclusion of the husband's affidavit necessarily entailed summary judgment in defendants' favor because, without it, plaintiff could not make a prima facie showing that defendants had notice of the alleged defective condition (see, id.; see also, Ortega v New York City Tr. Auth., 262 AD2d 470). Concur—Mazzarelli, J.P., Saxe, Sullivan, Wallach and Friedman, JJ.