■ ANA ANDUJAR, Appellant, v BENENSON INVESTMENT COMPANY et al., Respondents. [750 NYS2d 636] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Dye, J.), dated December 14, 2001, which granted the defendants' motion for summary judgment dismissing the complaint, and (2) a judgment of the same court, entered February 7, 2002, which is in favor of the defendants and against her, dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court properly precluded the affidavit of a witness with respect to the issue of notice to the defendants (*see Masucci-Matarazzo v Hoszowski,* 291 AD2d 208; *Ortega v New York City Tr. Auth.,* 262 AD2d 470; *Robinson v New York City Hous. Auth.,* 183 AD2d 434). It was within the Supreme Court's discretion to refuse to consider the affidavit of that belatedly-identified witness. The existence of that witness was revealed only after the plaintiff filed a note of issue certifying the action ready for trial, after the plaintiff testified at her deposition that she knew of no such witnesses. The plaintiff offered no explanation for her failure to reveal the existence of the witness to the defendants during the discovery process.

The defendants made a prima facie showing on their motion for summary judgment that they neither created nor had actual or constructive knowledge of the alleged wet condition on the stairs where the accident allegedly occurred before the plaintiff's fall (*see Alvarez v Prospect Hosp.,* 68 NY2d 320). The plaintiff failed to raise a triable issue of fact as to whether the defendants had constructive notice of the condition (*see Yearwood v Cushman & Wakefield,* 294 AD2d 568). Once the affidavit of the witness was precluded, there was nothing in the record to support an inference that the wet condition on the stairs existed for any length of time. "[I]n the absence of proof as to how long a puddle of water was on the floor, there is no evidence to permit an inference that the defendant had constructive notice of the condition in question" (*McDuffie v Fleet Fin. Group,* 269 AD2d 575; *see Yearwood v Cushman & Wakefield, supra; Paciello v May Dept. Stores Co.,* 263 AD2d 533; *Bykofsky v Waldbaum's Supermarkets,* 210 AD2d 280).

Further, there is nothing in the record to support the plaintiff's contention that the defendants had actual knowledge of a recurring condition of liquid on the stairs. Although the plaintiff testified that she saw liquid on the stairs in her apartment building on several previous occasions, she complained to the defendants' employee regarding a wet condition on the stairs only once, more than a year before her fall. The building superintendent testified that he had not received any prior complaints or other notice of wet conditions on the stairs. The plaintiff's proof of a recurring wet condition in the building's elevator was insufficient to establish that the defendants had notice of the liquid on the stairs which allegedly caused the plaintiff to fall. "Proof of a defendant's awareness of a general condition is not sufficient to establish constructive notice of the particular condition which caused the injured plaintiff to fall" (*Paciello v May Dept. Stores Co., supra* at 533; *see Gloria v MGM Emerald Enters.,* 298 AD2d 355; *Yearwood v Cushman & Wakefield, supra; McDuffie v Fleet Fin. Group, supra*). Florio, J.P., Krausman, Townes and Crane, JJ., concur.