■ LORI SANDSTEDT, Appellant, v FLYNN'S ENTERPRISES, INC., et al., Respondents. [758 NYS2d 524] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Joseph, J.), dated October 21, 2002, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly sustained injuries when she slipped and fell on an unidentified liquid on the floor of the crowded bar area in the defendants' restaurant. The defendants moved for summary judgment dismissing the complaint, and made a prima facie showing that their employees did not create or have actual or constructive notice of the condition. In opposition, the plaintiff's speculative assertion that the liquid came from a spilled drink, which her companion had observed a waiter cleaning up at some unspecified time earlier in the evening, was insufficient to defeat the motion (see *Sieber v Estee Lauder, Inc.,* 293 AD2d 596 [2002]; *Sanchez v Delgado Travel Agency,* 279 AD2d 623 [2001]; *Spagnola v Trump Taj Mahal,* 261 AD2d 604 [1999]).

We note that the affidavit of the plaintiff's companion should not have been considered in opposition to the motion. The plaintiff did not answer the defendants' demands for notice witnesses prior to filing the note of issue and offered no excuse for her failure to do so (see *Lau Lee Chan v Mikhalov,* 279 AD2d 456 [2001]; *Ortega v New York City Tr. Auth.,* 262 AD2d 470 [1999]). Prudenti, P.J., Ritter, S. Miller and Schmidt, JJ., concur.