■ PHYLLIS SINGER, Respondent, v WALDBAUMS BAY TERRACE, Appellant. [779 NYS2d 361]—

In an action to recover damages for personal injuries, the de-

fendant appeals from so much of an order of the Supreme Court, Queens County (Golar, J.), dated October 15, 2003, as, in effect, denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff allegedly slipped and fell on a plastic shopping bag on the floor of the defendant's premises. Upon the defendant's motion for summary judgment, the Supreme Court determined that the defendant did not create the alleged dangerous condition or have actual notice of it. The defendant also established its entitlement to judgment as a matter of law by demonstrating, inter alia, that it did not have constructive notice of the alleged dangerous condition (*see Gordon v American Museum of Natural History,* 67 NY2d 836, 837-838 [1986]; *Marukos v Waldbaums, Inc.,* 267 AD2d 434 [1999]; *Rotunno v Pathmark,* 220 AD2d 570, 571 [1995]). In opposition to the motion, the plaintiff failed to come forward with evidence sufficient to raise a triable issue of fact (*see Andujar v Benenson Inv. Co.,* 299 AD2d 503, 504 [2002]).

In response to discovery demands and a preliminary conference order, the plaintiff stated that she knew of no notice witnesses and subsequently filed a note of issue and certificate of readiness, certifying that discovery had been completed (*see Sandstedt v Flynn's Enters.,* 305 AD2d 395 [2003]; *Andujar v Benenson Inv. Co., supra* at 503; *Ortega v New York City Tr. Auth.,* 262 AD2d 470 [1999]; *Robinson v New York City Hous. Auth.,* 183 AD2d 434 [1992]). Under these circumstances, the affidavit of the plaintiff's notice witness should not have been considered in determining the motion. Florio, J.P., Townes, Crane and Lifson, JJ., concur.