■ SURA SHVARTSBERG, Appellant-Respondent, v CITY OF NEW YORK, Respondent-Appellant, and VERIZON, Respondent. [798 NYS2d 85]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated May 5, 2004, as granted that branch of the defendant Verizon's motion which was for summary judgment dismissing the

complaint insofar as asserted against it, and the defendant City of New York cross-appeals, as limited by its brief, from so much of the same order as granted that branch of the defendant Verizon's motion which was for summary judgment dismissing all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable to the defendant Verizon.

The defendant Verizon established its entitlement to judgment as a matter of law by demonstrating that neither its employees nor its contractors created the alleged hazardous condition in the roadway which allegedly caused the plaintiff to fall (*see Palone v City of New York,* 5 AD3d 750, 751 [2004]; *Skates v City of New York,* 304 AD2d 820 [2003]; *Maloney v Consolidated Edison Co. of N.Y.,* 290 AD2d 540 [2002]; *McDermott v South Farmingdale Water Dist.,* 167 AD2d 517 [1990]). In opposition to the motion, the plaintiff and the defendant City of New York failed to submit evidence sufficient to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]).

As Verizon correctly contends, the affidavits of plaintiff's daughters could not be considered in determining the motion. In response to discovery demands and a preliminary conference order, the plaintiff stated that she knew of no notice witnesses and subsequently filed a note of issue and certificate of readiness, certifying that discovery had been completed (*see Sandstedt v Flynn's Enters.,* 305 AD2d 395 [2003]; *Lau Lee Chan v Mikhalov,* 279 AD2d 456 [2001]; *Ortega v New York City Tr. Auth.,* 262 AD2d 470 [1999]; *Robinson v New York City Hous. Auth.,* 183 AD2d 434 [1992]).

Accordingly, the Supreme Court properly granted Verizon's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Krausman, J.P., Mastro, Rivera and Spolzino, JJ., concur.