■ JOHNY GJONI et al., Appellants, v 108 REGO DEVELOPERS CORP. et al., Respondents, et al., Defendant. [852 NYS2d 255]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated October 16, 2006, as granted the separate motions of the defendant 108 Rego Developers Corp. and the defendant Shan-E-Panjab, Inc., doing business as Dunkin' Donuts, for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff Johny Gjoni allegedly slipped and fell on a patch of "black ice" on the sidewalk in front of premises owned by the defendant 108 Rego Developers Corp. and leased to the defendant Shan-E-Panjab, Inc., doing business as Dunkin' Donuts (hereinafter the defendants). The plaintiffs subsequently commenced the present action, attempting to impose liability on the defendants based upon their failure to maintain the subject sidewalk in reasonably safe condition, including the negligent removal and failure to remove snow and ice.

In opposition to the defendants' prima facie showing of entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]), the plaintiffs failed to raise a triable issue of fact as to whether the defendants' snow removal on the date of the accident created a more hazardous condition (see Joseph v Pitkin Carpet, Inc., 44 AD3d 462 [2007]; Williams v KJAEL Corp., 40 AD3d 985 [2007]; Wu Zhou Wu v Korea Shuttle Express Corp., 23 AD3d 376 [2005]). The plaintiffs also failed to establish that the alleged hazardous condition was visible and apparent, and existed for a sufficient length of time before the accident for the defendants to discover and remedy it (see Murphy v 136 N. Blvd. Assoc., 304 AD2d 540 [2003]). The plaintiffs presented no evidence concerning the length of time the ice was on the ground before the fall or whether the defendants received prior complaints about the condition. Thus, the Supreme Court properly granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against them (see Murphy v 136 N. Blvd. Assoc., 304 AD2d 540 [2003]). Rivera, J.P., Ritter, Dillon and Carni, JJ., concur.