■ JOANN M. HUTCHINSON et al., Respondents, v MEDICAL DATA RESOURCES, INC., Respondent, and LAKE ASSOCIATES et al., Appellants. [865 NYS2d 221]—

In an action to recover damages for personal injuries, etc., the defendants Lake Associates and Lake Industries appeal, and the defendant Doug's Landscaping, Inc., separately appeals, from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated March 5, 2007, as denied their respective motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the motion of the defendant Doug's Landscaping, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and substituting therefor a provision granting that motion; as so modified, the order is affirmed, with one bill of costs payable to the defendant Doug's Landscaping, Inc., by the plaintiffs, and one bill of costs payable to the plaintiffs by the defendants Lake Associates and Lake Industries.

"An owner of real property, or a party in possession or control thereof, may be liable for a hazardous snow or ice condition existing on the property as a result of the natural accumulation of snow or ice only upon a showing that it had actual or constructive notice of the hazardous condition and that a sufficient period of time elapsed since the cessation of the precipitation to permit the party to remedy the condition" (*Lee-Pack v 1 Beach 105 Assoc., LLC,* 29 AD3d 644, 644 [2006]). Moreover, "a property owner who has actual knowledge of an ongoing and recurring dangerous condition can be charged with constructive notice of each specific reoccurrence of that condition" (*Anderson v Central Val. Realty Co.,* 300 AD2d 422, 422 [2002]). The defendants Lake Associates and Lake Industries (hereinafter collectively Lake) failed to demonstrate their prima facie entitlement to judgment as a matter of law by presenting evidence that they lacked constructive notice of the recurring icy condition where the plaintiff Joann M. Hutchinson (hereinafter Hutchinson) fell (*see Sewitch v LaFrese,* 41 AD3d 695, 696 [2007]; *Erikson v J.I.B. Realty Corp.,* 12 AD3d 344, 345 [2004]; *see generally Zuckerman v City of New York,* 49 NY2d 557 [1980]). Since Lake did not meet their burden, there is no need to address the sufficiency of the plaintiffs' submissions in opposition to their motion (*see Carthans v Grenadier Realty Corp.,* 38 AD3d 489 [2007]).

However, the defendant Doug's Landscaping, Inc. (hereinafter Doug's Landscaping), established a prima facie case warranting summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the plaintiffs failed to raise a triable issue of fact in opposition (*see generally Zuckerman v City of New York,* 49 NY2d 557 [1980]). Doug's Landscaping did not assume a duty to exercise reasonable care to prevent foreseeable harm to Hutchinson by virtue of its snow removal contract with Lake, which owned the property where Hutchinson fell (*see Espinal v Melville Snow Contrs.,* 98 NY2d 136 [2002]). This limited contractual undertaking was not a comprehensive and exclusive property maintenance obligation intended to displace Lake's duty as a landowner to safely maintain the property (*see Nobles v Procut Lawns Landscaping & Contr., Inc.,* 7 AD3d 768, 769 [2004]). In addition, there is no evidence that Hutchinson detrimentally relied on the performance of Doug's Landscaping or that the actions of Doug's Landscaping had advanced to such a point as to have launched a force or instrument of harm (*see Pavlovich v Wade Assoc.,* 274 AD2d 382, 383 [2000]). The Supreme Court thus erred in denying the motion of Doug's Landscaping. Florio, J.P., Angiolillo, McCarthy and Dickerson, JJ., concur.