*598 In an action to recover damage for personal injuries, etc., the defendant Kurt Barnes appeals from so much of an order of the Supreme Court, Kings County (Battaglia, J.), dated March 7, 2008, as denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.
Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and the motion of the defendant Kurt Barnes for summary judgment dismissing the complaint and all cross claims insofar as asserted against him is granted.
The plaintiffs commenced this action to recover damages for personal injuries, etc., allegedly arising from a fall down an opening for basement steps being constructed on property owned by the defendant Kurt Barnes. In the order appealed from, the Supreme Court denied Barnes’s motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. We reverse the order insofar as appealed from.
Barnes demonstrated his prima facie entitlement to judgment as a matter of law with evidence that the opening, which was located inside a fenced and gated yard, was covered by plywood and marked with cones and yellow caution tape (see Basso v Miller, 40 NY2d 233 [1976]; Jang Hee Lee v Sung Whun Oh, 3 AD3d 473 [2004]; Cupo v Karfunkel, 1 AD3d 48 [2003]; Freidah v Hamlet Golf & Country Club, 272 AD2d 572 [2000]). In opposition, the plaintiffs failed to raise a triable issue of fact. In reaching this determination, we have not considered the affidavit submitted by Alfred Choice, the son of the plaintiff Beverly Choice. The plaintiffs, without explanation and in contradiction of a previous representation that they were unaware of any witnesses to the accident, first identified Alfred Choice as a witness to the accident after they had filed a note of issue and certificate of readiness, and only then in opposition to Barnes’s motion for summary judgment (see Shvartsberg v City of New York, 19 AD3d 578 [2005]; Sandstedt v Flynn’s Enters., 305 AD2d 395 [2003]; Ortega v New York City Tr. Auth., 262 AD2d 470 [1999]).
In light of our determination, Barnes’s remaining contentions need not be reached. Spolzino, J.P., Florio, McCarthy and Dickerson, JJ., concur.