■ Hugo Matas, Appellant, v Clark & Wilkins Industries, Inc., Respondent. [877 NYS2d 314]—

Order, Supreme Court, New York County (Louis B. York, J.), entered March 26, 2008, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Through the testimony of its vice-president of operations that he was aware of no complaint about the fence before it allegedly fell onto plaintiff and the statement of its treasurer that the company had no record of any similar incidents in the two years preceding plaintiff's accident, defendant, a general contractor that performed maintenance on the fence, established prima facie that it did not have notice of a defect in the fence (see

*Marszalkiewicz v Waterside Plaza, LLC*, 35 AD3d 176 [2006]). Plaintiff failed to raise a triable issue of fact in that regard.

The motion court properly declined to consider the affidavit of a witness who had not been produced or identified before plaintiff submitted his papers in opposition to defendant's motion (*see Masucci-Matarazzo v Hoszowski*, 291 AD2d 208 [2002]). Plaintiff's affidavit submitted in opposition contradicted his deposition testimony and thus raised only a feigned issue of fact (*see Amaya v Denihan Ownership Co., LLC*, 30 AD3d 327, 327-328 [2006]). Concur—Saxe, J.P., Friedman, Moskowitz, Freedman and Richter, JJ.