■ Anthony J. Gallo, Respondent, v Health Port, Inc., Respondent-Appellant, and Crescent Bay Company, LLC, Appellant-Respondent. [881 NYS2d 108]—

In an action to recover damages for personal injuries, the defendant Crescent Bay Company, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Mayer, J.), dated May 19, 2008, as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the defendant Health Port, Inc., cross-appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, on the law, and the motion of the defendant Health Port, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted; and it is further,

Ordered that one bill of costs is awarded to the defendant Health Port, Inc., payable by the plaintiff and the defendant Crescent Bay Company, LLC.

The defendant Crescent Bay Company, LLC (hereinafter Crescent Bay), leased the premises in front of which the accident occurred to the defendant Health Port, Inc. (hereinafter Health Port). Crescent Bay made a prima facie showing of its entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Gjoni v 108 Rego Devs. Corp.*, 48 AD3d 514, 515 [2008]). In opposition, the plaintiff raised a triable issue of fact as to whether Crescent Bay was aware that rain or melting snow dripped from the roof of the mall onto the exposed section of the sidewalk, resulting in the formation of the patch of ice upon which the plaintiff allegedly slipped, fell, and sustained injuries (*see Hutchinson v Medical Data Resources, Inc.*, 54 AD3d 362, 363 [2008]; *Sewitch v LaFrese*, 41 AD3d 695, 696 [2007]; *Solazzo v New York City Tr. Auth.*, 21 AD3d 735, 736 [2005], *affd* 6 NY3d 734, 735 [2005]). Pursuant

to the applicable lease, Crescent Bay was responsible "for all structural and roof repairs other than those which are caused by the negligence or unlawful acts of the tenant." Thus, the Supreme Court properly denied Crescent Bay's cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

However, the Supreme Court should have granted the motion of Health Port for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. In opposition to Health Port's prima facie showing of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact as to whether Health Port created or exacerbated the icy condition, or had actual or constructive notice of the condition, and whether sufficient time had elapsed for Health Port to remedy the condition (see Hutchinson v Medical Data Resources, Inc., 54 AD3d at 363; Gjoni v 108 Rego Dev. Corp., 48 AD3d at 515; Ricca v Ahmad, 40 AD3d 728, 729 [2007]; Olivieri v GM Realty Co., LLC, 37 AD3d 569 [2007]; Cardozo v Mayflower Ctr., Inc., 16 AD3d 536, 538 [2005]; Nadel v Cucinella, 299 AD2d 250, 252 [2002]; Gam v Pomona Professional Condominium, 291 AD2d 372 [2002]). Nor did the plaintiff raise a triable issue of fact as to whether Health Port had actual knowledge of a recurring condition of ice and melting snow dripping from the roof of the mall. Instead, the plaintiff merely established that Health Port had a general awareness of a dangerous condition, which was insufficient to charge it with constructive notice of the condition (see Solazzo v New York City Tr. Auth., 6 NY3d at 735; Piacquadio v Recine Realty Corp., 84 NY2d 967, 969 [1994]; cf. Maguire v Beyer, 31 AD3d 621, 622-623 [2006]; Erikson v J.I.B. Realty Corp., 12 AD3d 344, 345-346 [2004]; Delgiudice v Papanicolaou, 5 AD3d 236, 237 [2004]).

Contrary to the plaintiff's contention, the Supreme Court correctly disregarded an affidavit of a purported notice witness dated and submitted after the deadline for the exchange of the names and addresses of notice witnesses had passed and after the note of issue had been filed (see Shvartsberg v City of New York, 19 AD3d 578, 579 [2005]; Singer v Waldbaums Bay Terrace, 9 AD3d 404, 405 [2004]; Concetto v Pedalino, 308 AD2d 470 [2003]; Andujar v Benenson Inv. Co., 299 AD2d 503 [2002]; Ortega v New York City Tr. Auth., 262 AD2d 470 [1999]; Robinson v New York City Hous. Auth., 183 AD2d 434, 435 [1992]). Dillon, J.P., Angiolillo, Dickerson and Eng, JJ., concur. [See 2008 NY Slip Op 31473(U).]