■ LYDA RAVAGNAN, Respondent, v ONE NINETY REALTY COMPANY et al., Appellants, et al., Defendant. [883 NYS2d 490]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered October 2, 2008, which, insofar as appealed from, denied the motions of defendants One Ninety Realty Company (190) and L'Occitane, Inc. (L'Occitane) for summary judgment dismissing the complaint and all cross claims as against them, or, in the alternative, for summary judgment on their cross claims against defendant Consolidated Edison Company of New York, Inc. (Con Ed) for common-law indemnification, unanimously reversed, on the law, without costs and the motions for summary judgment dismissing the complaint and all cross claims as against defendants 190 and L'Occitane granted. The Clerk is directed to enter judgment accordingly.

Plaintiff was injured when she fell after her foot became caught in a three-inch gap between two wooden shunt boards that were placed by Con Ed across the sidewalk to cover electrical cables that extended from a manhole in the street to the basement doorway of the building owned by 190. L'Occitane was the tenant of the ground-floor store in the building and the

shunt boards were used in connection with an electrical upgrade of the building, triggered by L'Occitane's renovation of its store.

Dismissal of the complaint as against 190 and L'Occitane was warranted. These defendants made a prima facie showing that they had not created the dangerous condition and had neither actual nor constructive notice of the alleged defect in the shunt boards. In opposition to the motion, plaintiff submitted the affidavit of her daughter who stated that she saw the gap in the boards three months before the accident. This was the only evidence of constructive notice. However, plaintiff is precluded from offering this evidence because the witness was not disclosed until defendants' motion for summary judgment, made after defendants' demands for the names and addresses of such witnesses, a preliminary conference order requiring plaintiff to disclose any notice witnesses and plaintiff's filing of her note of issue (*see Masucci-Matarazzo v Hoszowski*, 291 AD2d 208 [2002]; *Robinson v New York City Hous. Auth.*, 183 AD2d 434 [1992]). No explanation was offered for this failure to comply with disclosure obligations. Under these circumstances, the affidavit should not be considered (*see Matas v Clark & Wilkins Indus., Inc.*, 61 AD3d 582 [2009]) and without it, plaintiff fails to raise a triable issue of fact as to constructive notice. Concur—Tom, J.P., Friedman, Nardelli, Buckley and Abdus-Salaam, JJ.