■ ANGEL CARABALLO, Respondent, v MARIA RIVAS-BARZOLA et al., Appellants. [939 NYS2d 21]—

Defendants argue that the record presents only one version of the accident, i.e., that of defendant Ruiz, the operator of the minibus, which shows that they were not negligent. Ruiz testified that while the minibus was stopped at a red light, plaintiff crashed into it and fell to the street. However, plaintiff, who said he did not see the minibus and who was rendered unconscious by the accident, testified that he was walking on the sidewalk before the accident happened. This testimony is sufficient to raise an issue of fact whether Ruiz was negligent.

The motion court properly precluded the evidence of plaintiff's eyewitness to the accident because plaintiff failed to disclose in discovery the eyewitness's identity (*see e.g. Ravagnan v One Ninety Realty Co.*, 64 AD3d 481 [2009]).

Defendant Fuji argues that it was neither the owner nor the operator of the minibus and therefore cannot be vicariously liable for plaintiff's injuries (*see* Vehicle and Traffic Law § 388). However, Fuji concedes that it was the insurer of the vehicle. It does not explain how it could have insured a vehicle it neither owns nor operates. But "[o]wner" is defined to "include[ ] a person entitled to the use and possession of a vehicle" (Vehicle

and Traffic Law § 128), and Ruiz testified that he operated the vehicle on the night of the accident under a license to carry passengers in New York issued to Fuji. Moreover, Ruiz testified that he was employed by Fuji at the time of the accident. This testimony raises an issue of fact whether Fuji was "entitled to the use and possession" of the vehicle. Concur—Friedman, J.P., Sweeny, Renwick, DeGrasse and Román, JJ.