■ EDWIN ALAMO, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [987 NYS2d 139]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered November 4, 2013, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

Defendant established its entitlement to judgment as a matter of law in this action where plaintiff was injured when he fell as he descended the interior stairs of defendant's building. Defendant submitted evidence showing that it did not have notice of the allegedly hazardous condition upon which plaintiff slipped. Defendant's caretaker testified that pursuant to a schedule, the stairwell was cleaned twice daily, including on the day of the accident, and that no unusual conditions were found (*see Pfeuffer v New York City Hous. Auth.*, 93 AD3d 470, 471-472 [1st Dept 2012]; *compare Williams v New York City Hous. Auth.*, 99 AD3d 613 [1st Dept 2012]).

In opposition, plaintiff failed to raise a triable issue of fact as to whether defendant had notice of a dangerous recurring condition that was routinely left unaddressed by defendant (*see DeJesus v New York City Hous. Auth.*, 53 AD3d 410 [1st Dept 2008], *affd* 11 NY3d 889 [2008]). The affidavits of plaintiff's brother and mother are not considered, as the brother's affida-

vit contradicts his prior sworn testimony (*see Paucar v Solaro*, 111 AD3d 569 [1st Dept 2013]), and the mother's name was not provided in responses to discovery and was disclosed only in plaintiff's opposition papers (*see Ravagnan v One Ninety Realty Co.*, 64 AD3d 481 [1st Dept 2009]). Furthermore, the affidavits, even if considered, do not raise triable issues of fact to defeat defendant's prima facie showing. Concur—Tom, J.P., Friedman, Renwick, Gische and Clark, JJ.