■ MICHAEL BERR, Respondent, v RON GRANT et al., Appellants. [52 NYS3d 352]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered December 6, 2016, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff rented a house with a back deck containing a pool and hot tub from defendants. He testified that, while hosting a party on the deck, he sustained injuries when he was walking on a narrow brick passageway between the swimming pool and hot tub, and slipped and fell into the tub.

In support of their motion, defendants failed to submit admissible evidence sufficient to demonstrate that the configuration of the deck, pool and hot tub was code compliant. Their expert engineer opined that the code violations identified by plaintiff in his bill of particulars and proposed expert affidavit were "irrevelant" because plaintiff could have taken another path around the pool, but did not affirmatively state that the configuration of the pool and hot tub was code compliant. Defendants also submitted copies of their application for a building permit, a site survey, and the certificate of occupancy, which they argued showed that the layout of the swimming pool and hot tub was approved by the village in which the house was located. However, the certificate of occupancy does not mention any hot tub, and defendants did not submit an affidavit of any

person with knowledge explaining the significance of these documents (*see* CPLR 3212 [b]).

Even if these documents were sufficient to demonstrate an absence of violations, plaintiff raised an issue of fact by submitting the affidavit of his engineering expert, who opined that the walkway between the pool and hot tub, as well as the normal path of travel around the east end of the pool, were dangerous and not compliant with applicable building code provisions. The expert also measured height differentials between the bricks on the passageway where plaintiff fell.

Defendants also contend that plaintiff's deposition testimony concerning how the accident occurred failed to identify the cause of plaintiff's accident with sufficient specificity to permit a jury to find liability. However, plaintiff's testimony specifying where he fell, together with his engineer's affidavit about the defects, dangerous conditions, and code violations at that site, were sufficient to enable a jury to draw the reasonable inference that plaintiff's accident was caused by the alleged defective conditions present at the accident site (*see Rodriguez v Leggett Holdings, LLC*, 96 AD3d 555 [1st Dept 2012]; *Babich v R.G.T. Rest. Corp.*, 75 AD3d 439, 440 [1st Dept 2010]).

Defendants' argument that the uneven bricks were a trivial defect and nonactionable as a matter of law is made for the first time on appeal and is therefore not properly before this Court (*see Salierno v City of Mount Vernon*, 107 AD3d 971, 972 [2d Dept 2013]). In any event, the argument would not entirely dispose of plaintiff's case, as it pertains to only one of the categories of defects and violations identified by plaintiff's expert.

We have considered defendants' remaining arguments and find them unavailing. Concur—Sweeny, J.P., Richter, Andrias, Webber and Gesmer, JJ.