Johnson v 675 Coster St. Hous. Dev. Fund (2018 NY Slip Op 03756)





Johnson v 675 Coster St. Hous. Dev. Fund


2018 NY Slip Op 03756


Decided on May 24, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 24, 2018

Renwick, J.P., Manzanet-Daniels, Mazzarelli, Kapnick, Kahn, JJ.


6668 301361/12

[*1]Oliver Johnson, Plaintiff-Appellant,
v
675 Coster Street Housing Development Fund, et al., Defendants-Respondents.


Parker Waichman LLP, Port Washington (Jay L.T. Breakstone of counsel), for appellant.
Havkins Rosenfeld Ritzert & Varriale, LLP, White Plains (Jonathan W. Greisman of counsel), for respondents.



Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered June 24, 2016, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.
Plaintiff identified the cause of his fall on stairs in a building owned and managed by defendants sufficiently to withstand summary judgment. He was not required to identify at the time of the accident "exactly where [he] fell and the precise condition that caused [him] to fall" (Tomaino v 209 E. 84th St. Corp., 72 AD3d 460, 461 [1st Dept 2010]). He identified the location of his fall at his deposition. Plaintiff also explained that it was the "concave" shape of the steps that caused him to slip. This testimony was corroborated by plaintiff's expert, who opined that the stairs were dangerously slippery and were disproportionately worn in the middle, creating an unsafe "inward sloping condition" (see Berr v Grant, 149 AD3d 536, 537 [1st Dept 2017]). Plaintiff's expert's opinion was properly considered, although it was not timely disclosed, since there was no showing of prejudice to defendants (see Yampolskiy v Baron, 150 AD3d 795, 795-96 [2d Dept 2017]; Ramsen A. v New York City Hous. Auth., 112 AD3d 439 [1st Dept 2013]).
Plaintiff's evidence of the cause of his fall is also sufficient to raise issues of fact as to the existence of a defective condition. While it is difficult to discern a concave or sloping condition in the photographs in the record, the photographs are not sufficiently clear to be conclusive.
The record also presents issues of fact as to defendants' notice of the alleged defects. Inconsistently worn and slippery steps are not latent defects and do not appear overnight. In addition, defendants submitted evidence showing that they had an opportunity to observe the defects. The building superintendent informally inspected the stairs at least three times a week during cleaning. Thus, if the defects are found to exist, it will be reasonable to infer that defendants had constructive notice of them (see Garcia v New York City Tr. Auth., 269 AD2d 142 [1st Dept 2000]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 24, 2018
CLERK