Stevens v Charles Hosp. & Rehabilitation Ctr. (2018 NY Slip Op 06586)





Stevens v Charles Hosp. & Rehabilitation Ctr.


2018 NY Slip Op 06586


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2016-05694
 (Index No. 23657/11)

[*1]Sonya Stevens, appellant, St. 
v
Charles Hospital and Rehabilitation Center, et al., respondents.


Siben & Siben, LLP, Bay Shore, NY (Alan G. Faber of counsel), for appellant.
Montfort, Healy, McGuire & Salley, Garden City, NY (Donald S. Neumann, Jr., of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated April 15, 2016. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action against the defendant St. Charles Hospital and Rehabilitation Center, a tenant at the subject premises located at 806 East Main Street in Riverhead, and the defendant 806 East Main, LLC, the owner of the premises. The plaintiff alleged that she sustained personal injuries when she slipped and fell on a patch of ice and/or snow on a walkway outside of the premises. The defendants moved for summary judgment dismissing the complaint, and the Supreme Court granted the defendants' motion. The plaintiff appeals.
A property owner or a party in possession or control of real property will be held liable for a slip-and-fall accident involving snow and ice on its property if it created the dangerous condition which caused the accident or had actual or constructive notice thereof (see Ross v Half Hollow Hills Cent. Sch. Dist., 153 AD3d 745, 746; Gushin v Whispering Hills Condominium I, 96 AD3d 721, 721; Robinson v Trade Link Am., 39 AD3d 616, 616-617). In moving for summary judgment in such a case, the defendant has the burden of establishing, prima facie, that it neither created the hazardous snow and/or ice condition which caused the plaintiff's injury nor had actual or constructive notice of such condition (see Fisher v Kasten, 124 AD3d 714, 714; Ryan v Taconic Realty Assoc., 122 AD3d 708, 709; Meyers v Big Six Towers, Inc., 85 AD3d 877, 877). "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (Gordon v American Museum of Natural History, 67 NY2d 836, 837; see Toussaint v Ocean Ave. Apt. Assoc., LLC, 144 AD3d 664, 664-665; Gauzza v GBR Two Crosfield Ave. LLC, 133 AD3d 710, 711). "Moreover, a property owner who has actual knowledge of an ongoing and recurring dangerous condition can be charged with constructive notice of each specific reoccurrence of that [*2]condition'" (Hutchinson v Medical Data Resources, Inc., 54 AD3d 362, 363, quoting Anderson v Central Val. Realty Co., 300 AD2d 422, 422).
Here, the evidence submitted by the defendants failed to establish, prima facie, that they did not have actual or constructive notice of the hazardous snow and/or ice condition which allegedly caused the plaintiff's fall. Thus, the defendants failed to establish their prima facie entitlement to judgment as a matter of law (see Castillo v Silvercrest, 134 AD3d 977, 977; Sprague v Profoods Rest. Supply, LLC, 77 AD3d 585, 585-586; Hutchinson v Medical Data Resources, Inc., 54 AD3d at 363). Since the defendants failed to meet their prima facie burden, the Supreme Court should have denied the defendants' motion, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The plaintiff's remaining contention is improperly raised for the first time in her reply brief and, in any event, need not be reached in light of our determination.
LEVENTHAL, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court