Ellis v City of New York (2020 NY Slip Op 06948)





Ellis v City of New York


2020 NY Slip Op 06948


Decided on November 24, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 24, 2020

Before: Renwick, J.P., Kapnick, Gesmer, Kern, JJ. 


Index No. 303763/16 Appeal No. 12475 Case No. 2019-03645 

[*1]Dwayne Ellis, Plaintiff-Appellant,
v
The City of New York, Defendant, New York City Housing Authority, Defendant-Respondent.


Mitchell Dranow, Sea Cliff, for appellant.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for respondent.



Order, Supreme Court, Bronx County (Llinet M. Rosado, J.), entered on or about July 29, 2019, which granted defendant New York City Housing Authority's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendant demonstrated entitlement to summary judgment by submitting plaintiff's testimony establishing that he was unable to identify the cause of his injury without speculation (see Morrisey v New York City Tr. Auth., 100 AD3d 464 [1st Dept 2012]; Siegel v City of New York, 86 AD3d 452, 454 [1st Dept 2011]). While plaintiff testified that he slipped on a "wet substance," he did not know what the substance was, could not provide any description of it, and [*2]did not see the substance on any part of the stairs before or after the fall. Defendant's caretaker also testified that he did not see any debris or wet condition on the stairs when he encountered plaintiff's accident during his walk-down inspection of the building.
Even assuming that plaintiff's testimony raises an issue of fact as to whether a wet substance caused his fall, defendant established prima facie absence of actual or constructive notice of the condition. The caretaker's testimony and affidavit, along with the janitorial schedule, demonstrated that he last inspected the stairs the day before at the end of his shift, and that the accident occurred in the morning as he was performing his walk-down inspection of the building pursuant to the schedule (see Alamo v New York City Hous. Auth., 118 AD3d 484 [1st Dept 2014]; Raposo v New York City Hous. Auth., 94 AD3d 533 [1st Dept 2012]). Defendant was not "required to patrol its staircases 24 hours a day" (Love v New York City Hous. Auth., 82 AD3d 588, 588 [1st Dept 2011]). Contrary to plaintiff's contention, the caretaker's testimony and affidavit do not conflict as to whether he specifically recalled the duties he performed the day of the accident, but rather, consistently show that he remembered that particular day due to the subject accident. In opposition, plaintiff failed to raise a triable issue of fact. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 24, 2020