Dixon v Sum Realty, Co. (2021 NY Slip Op 00367)





Dixon v Sum Realty, Co.


2021 NY Slip Op 00367


Decided on January 21, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 21, 2021

Before: Renwick, J.P., Manzanet-Daniels, Kapnick, Kern, Kennedy, JJ. 


Index No. 20904/17E Appeal No. 12941 Case No. 2020-02865 

[*1]Lashawn Dixon, Plaintiff-Respondent,
v
Sum Realty, Co., Defendant-Appellant.


Fleischner Potash LLP, White Plains (Robert Michael Drucker of counsel), for appellant.
John E. Gray, New York (Jason Levine of counsel), for respondent.



Order, Supreme Court, Bronx County (George J. Silver, J.), entered June 10, 2020, which denied defendant's motion for summary judgment dismissing the complaint, unanimously modified, on the law, to grant the motion as to the claim related to the handrails of the subject staircase, and otherwise affirmed, without costs.
While plaintiff's initial deposition testimony was later contradicted by the affidavit she submitted in opposition to defendant's motion, after a break in the deposition, she testified that she had misspoken, and changed her testimony significantly as to how her fall on defendant's staircase occurred. Plaintiff's latter version of the accident is, in the main, consistent with her affidavit. Thus, while the change of testimony mid-deposition presents an issue of credibility for the jury, the affidavit does not present the kind of feigned issue of fact that requires the court to disregard the affidavit (compare Telfeyan v City of New York, 40 AD3d 372, 373 [1st Dept 2007] [affidavit prepared for litigation that directly contradicts affiant's previous deposition testimony without explanation insufficient to defeat summary judgment]; Beahn v New York Yankees Partnership, 89 AD3d 589 [1st Dept 2011]; Matas v Clark & Wilkins Indus., Inc., 61 AD3d 582 [1st Dept 2009], lv denied 13 NY3d 703 [2009]). Since plaintiff's expert relied upon the version of the accident described in plaintiff's affidavit, his affidavit was properly considered (compare Amaya v Denihan Ownership Co., LLC, 30 AD3d 327 [1st Dept 2006] [plaintiff's expert affidavit unsupported by evidence and plaintiff's affidavit tailored to dovetail with expert affidavit and to avoid consequences of deposition testimony properly rejected]; Vilomar v 490 E. 181st St. Hous. Dev. Fund Corp., 50 AD3d 469 [1st Dept 2008] [plaintiff's companion's affidavit properly rejected as tailored to avoid consequences of plaintiff's deposition testimony]). Plaintiff's inability to identify uneven riser heights as the cause of her fall is not fatal to her claim, as her post-break deposition testimony permits the inference that her fall was caused by uneven riser heights (see e.g. Berr v Grant, 149 AD3d 536 [1st Dept 2017]; see also Tomaino v 209 E. 84th St. Corp., 72 AD3d 460 [1st Dept 2010]).
However, plaintiff's affidavit presents a feigned issue of fact as to whether her fall was caused by any defect of the staircase handrails and must be disregarded with respect thereto (see Fernandez v VLA Realty, LLC, 45 AD3d 391 [1st Dept 2007]; Pippo v City of New York, 43 AD3d 303, 304 [1st Dept 2007]). Plaintiff testified consistently through the entirety of her deposition that she was not holding the handrail, that it was
her custom and practice not to use handrails on short flights of steps, and that at no time during her fall did she attempt, or even think of attempting, to put her hand on the handrail. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST [*2]DEPARTMENT.
ENTERED: January 21, 2021