Martinez v 560-568 Audubon Realty LLC (2021 NY Slip Op 04277)





Martinez v 560-568 Audubon Realty LLC


2021 NY Slip Op 04277


Decided on July 08, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 08, 2021

Before: Manzanet-Daniels, J.P., Webber, Singh, Kennedy, JJ. 


Index No. 156118/16 Appeal No. 14181 Case No. 2020-03565 

[*1]Ines Martinez, Plaintiff-Appellant,
v
560-568 Audubon Realty LLC et al., Defendants-Respondents.


Manuel D. Gomez, New York, for appellant.



Order, Supreme Court, New York County (Margaret A. Chan, J.), entered September 18, 2019, which granted defendants' motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment, unanimously modified, on the law, to deny defendants' motion, and otherwise affirmed, without costs.
Defendants established prima facie entitlement to judgment as a matter of law by demonstrating that they neither created nor had actual or constructive notice of the crack at the edge of the marble step where plaintiff fell. Defendants submitted the testimony of plaintiff, the property manager, and the member of the owner that they had never seen the crack before the accident, and the testimony of defendants' member that it would have been repaired if discovered (see e.g. Rosario v Prana Nine Props., 143 AD3d 409, 410 [1st Dept 2016]).
In opposition, plaintiff raised a triable issue of fact. Although the court properly declined to consider the affidavit of the notice witness who was not produced or identified until after defendants' motion for summary judgment was filed (see Matas v Clark & Wilkins Indus., Inc., 61 AD3d 582, 583 [1st Dept 2009], lv denied 13 NY3d 703 [2009]), the affidavit of plaintiff's expert and the photographic evidence were sufficient to raise an issue of fact as to constructive notice. The expert opined that the condition depicted in the photographs violated the Building Code and that the step was worn for several years prior to the accident. Furthermore, the photographs depicted a condition that a jury might find was present for a sufficient time for defendants to have discovered and remedied it (see Kings v City Bay Plaza, Inc., 118 AD3d 476, 476 [1st Dept 2014]).
Plaintiff's cross motion was properly denied because the record revealed issues of fact. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 8, 2021