Samon v Roosevelt Is. Operating Corp. (2022 NY Slip Op 01133)





Samon v Roosevelt Is. Operating Corp.


2022 NY Slip Op 01133


Decided on February 22, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 22, 2022

Before: Renwick, J.P., Kennedy, Scarpulla, Rodriguez, Higgitt, JJ. 


Index No. 157628/18 Appeal No. 15344 Case No. 2021-02227 

[*1]Jennifer Samon, Plaintiff-Appellant,
v
Roosevelt Island Operating Corporation, Defendant-Respondent.


Arnold E. DiJoseph, P.C., New York (Arnold E. DiJoseph, III of counsel), for appellant.
McGaw & Alventosa, Jericho (Ross P. Masler of counsel), for respondent.



Order, Supreme Court, New York County (W. Franc Perry, J.), entered on or about March 16, 2021, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendant established its entitlement to judgment as a matter of law in this action where plaintiff was injured when she tripped and fell on the base of a pedestrian stop sign located in the middle of a crosswalk. Defendant established prima facie that it did not cause or create or have actual or constructive notice of the missing top of the sign. Defendant's maintenance supervisor testified that the sign was not damaged when he left work two days before the accident and plaintiff stated that she saw the sign intact in the afternoon of the day prior to her fall. Thus, the dangerous condition of the base of the sign was present for no more than 24 hours prior to the accident, an insufficient amount of time in these circumstances for defendant to have obtained notice of and to have remedied the condition (see Ellis v City of New York, 188 AD3d 594, 595 [1st Dept 2020]).
Plaintiff failed to raise triable issues of fact as to notice. The court properly declined to consider the affidavit of plaintiff's purported notice witness whose name was not provided in response to discovery and was disclosed only in plaintiff's opposition papers (see Alamo v New York City Hous. Auth., 118 AD3d 484, 485 [1st Dept 2014]; Ravagnan v One Ninety Realty Co., 64 AD3d 481 [1st Dept 2009]). Furthermore, the affidavit, even if considered, does not raise triable issues of fact to defeat defendant's prima facie showing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 22, 2022