Jordan v Eureka Christian Fellowship, Inc. (2025 NY Slip Op 05507)

Jordan v Eureka Christian Fellowship, Inc.

2025 NY Slip Op 05507

Decided on October 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2024-09003
 (Index No. 510057/21)

[*1]Victor Jordan, respondent, 
v
Eureka Christian Fellowship, Inc., et al., appellants.

Molod Spitz & DeSantis, P.C., New York, NY (Robert A. Von Hagen of counsel), for appellants.
Sacco & Fillas, LLP, Astoria, NY (James R. Baez and Kurt Doiron of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated June 26, 2024. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendants to recover damages for personal injuries that he allegedly sustained on June 22, 2019. The plaintiff alleged that he was injured while attending an outdoor event on property owned by the defendants when a gust of wind caused a tent to fall on him. In an order dated June 26, 2024, the Supreme Court denied the defendants' motion for summary judgment dismissing the complaint. The defendants appeal.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709). As the plaintiff correctly contends, the affidavits of two notice witnesses who had not previously been disclosed were not admissible (see Gallo v Health Port, Inc., 62 AD3d 943, 945; Shvartsberg v City of New York, 19 AD3d 578, 579; Singer v Waldbaums Bay Terrace, 9 AD3d 404, 405). Moreover, even if these affidavits were considered, the defendants' submissions failed to establish, prima facie, that no dangerous condition existed with respect to the tent or that the defendants neither created a dangerous condition nor had actual or constructive notice of its existence (see Rhoden v 515 Rest., LLC, 237 AD3d 1233; Saunders v Nostrand 1543, LLC, 230 AD3d 1261, 1263).
Since the defendants failed to meet their initial burden as the movants, it is not necessary to review the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, it is not necessary to address the issue of whether the doctrine of res ipsa loquitur applies to this case (see Latorres v Delta Air Lines, Inc., 208 AD3d 770, 771).
Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint.
BARROS, J.P., CHAMBERS, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court