■ COLETTE PARKER, an Infant, by Her Father and Natural Guardian, ANTHONY PARKER, et al., Respondents, v ST. CHRISTOPHER'S HOME, Appellant, et al., Defendant.—In a negligence action to recover damages for personal injuries, etc., the defendant St. Christopher's Home appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County, dated December 5, 1979, as denied its motion for summary judgment dismissing the complaint as to it, struck the case from the Trial Calendar, and granted plaintiffs leave to conduct discovery proceedings. Order modified, on the law, by deleting therefrom the provision denying appellant's motion for summary judgment and by substituting therefor a provision granting such motion and dismissing the complaint as to appellant. As so modified, order affirmed insofar as appealed from, without costs or disbursements. The appellant is a not-for-profit agency chartered by the State of New York for the care of dependent children. The Family Court placed the infant plaintiff with appellant, and the latter placed her with the defendant Sara McClellan, a foster care boarding parent certified by appellant. On February 24, 1976, when the infant plaintiff was 13 months old, the foster parent was making lunch for her mother, and on the table next to her was a cup of hot coffee. The infant plaintiff suddenly reached up to the edge of the table, grasped the cup of coffee and spilled it on herself. The infant was immediately taken to the hospital, where she was found to have suffered first and second degree burns over the face and both arms, necessitating a skin graft. The appellant moved for summary judgment upon an affidavit that made a prima facie showing that it used due care in selecting the defendant McClellan as a foster care boarding parent. We find that the latter's control of the infant was sufficiently independent from the appellant in detail and management as to protect the appellant from liability for acts of negligence not reasonably to be anticipated. Assuming, but not deciding, that the acts of the boarding parent constituted negligence, they were not acts that should have been foreseeable by the appellant in the exercise of reasonable care and the boarding parent was not the agent of the appellant in this relationship so as to impute liability for her alleged negligence to the appellant when due care was taken in the selection of the boarding parent. On the record presented we find no issue of fact requiring a trial. It was, therefore, error to deny the appellant summary judgment. Hopkins, J. P., Damiani, Lazer and Cohalan, JJ., concur.