■ DANA OGLETREE, Also Known as DANA JAMISON, Respondent, v RUSH REALTY ASSOCIATES, LLC, Appellant, and ST. CHRISTOPHER-OTTILIE SERVICES FOR CHILDREN AND FAMILIES, Respondent, et al., Defendant. [814 NYS2d 878]—

In an action to recover damages for personal injuries, the defendant Rush Realty Associates, LLC, appeals from an order of the Supreme Court, Kings County (M. Garson, J.), dated February 16, 2005, which denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it and granted the cross motion of the defendant St. Christopher-Ottilie Services for Children and Families for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the appeal from so much of the order as granted that branch of the cross motion of the defendant St. Christopher-Ottilie Services for Children and Families for summary judgment dismissing the complaint insofar as asserted against it is dismissed, as the appellant is not aggrieved by that portion of the order (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

"A property owner may be held liable for a dangerous or defective condition on the property if the owner created the condition or had actual or constructive notice of it" (*Enamorado v KHR Holding Co., LLC*, 24 AD3d 411, 412 [2005]; *see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]). Viewing the evidence in the light most favorable to the plaintiffs (*see Makaj v Metropolitan Transp. Auth.*, 18 AD3d 625, 626 [2005]), the appellant failed to present evidence sufficient to eliminate all triable issues of fact as to whether it created or had actual or constructive notice of the alleged dangerous condition on its property and whether the appellant's alleged negligence was a proximate cause of the injuries sustained by the plaintiff Dana Ogletree (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

"[I]n order to find that a . . . foster care facility has breached its duty to adequately supervise the children entrusted to its care, a plaintiff must establish that the . . . facility 'had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated' " (*Liang v Rosedale Group Home*, 19 AD3d 654, 655 [2005], quoting *Mirand v City of New York*, 84 NY2d 44, 49 [1994]). "A foster care agency cannot be held liable for injuries which result to a foster child due to the momentary inattention of a foster parent, where . . . the actions of the foster parent 'were not acts that should have been foreseeable by the [agency] in the exercise of reasonable care' " (*Charles v City of New York*, 272 AD2d 287, 287 [2000], quoting *Parker v St. Christopher's Home*, 77 AD2d 921, 921 [1980]). In support of that branch of its cross motion which was for summary judgment dismissing all cross claims insofar as asserted against it, the defendant St. Christopher-Ottilie Services for Children and Families satisfied its burden by eliminating all issues of fact as to whether it had sufficiently specific knowledge or notice of the dangerous conduct which caused injuries to Dana Ogletree (*see Mirand v City of New York, supra* at 49; *Liang v Rosedale Group*

*Home, supra* at 655). In opposition, the appellant failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp., supra* at 324; *Zuckerman v City of New York,* 49 NY2d 557, 560 [1980]; *see Liang v Rosedale Group Home, supra* at 655-656; *DiCarlo v City of New York,* 286 AD2d 363, 365 [2001]). Schmidt, J.P., Krausman, Spolzino and Fisher, JJ., concur.