■ JAHPORANAE MOORE, an Infant, by Her Father and Natural Guardian, JOHN HILL, et al., Respondents, v CITY OF NEW YORK et al., Appellants. [926 NYS2d 76]—

Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered March 25, 2010, which, insofar as appealed from, denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

Seven-year-old infant plaintiff sustained severe burns when she spilled hot water on herself as she was retrieving a mug from the microwave, which was on top of a refrigerator, while in the kinship foster home of her maternal grandmother. Plaintiffs allege that defendants were negligent in failing to properly investigate the foster home despite the biological parents' complaints that the foster home was overcrowded and lacked supervision, and in continuing the placement of the infant in the foster home.

The City argues that the complaint should be dismissed because, under *McLean v City of New York* (12 NY3d 194 [2009]), the discretionary immunity doctrine absolutely insulated municipalities from tort liability, and the caseworker here acted in a discretionary capacity in allowing infant plaintiff to remain in the foster home. However, it is unnecessary to decide that issue, as, even assuming that such immunity does not apply, plaintiffs' complaint should be dismissed.

The record does not demonstrate that defendants had "sufficiently specific knowledge or notice of the dangerous conduct that caused [the] injury" (*Albino v New York City Hous. Auth.*, 78 AD3d 485, 490 [2010]). Nothing indicates that infant plaintiff's biological parents, or anyone else ever complained about the foster children's unsupervised use of the microwave to boil water, or that the microwave was placed too high. Nor is there any evidence that defendants were otherwise aware of such conduct. In any event, even assuming that the biological parents' complaints sufficiently alerted defendants to a general lack of supervision in the foster home, the accident was not proximately caused by a lack of supervision, but was the result of the foster mother's "momentary inattention," which was not foreseeable by defendants in the exercise of reasonable care (*see id.*; *McCabe v Dutchess County*, 72 AD3d 145, 151 [2010]; *Parker v St. Christopher's Home*, 77 AD2d 921 [1980]).

The court below properly declined to consider the affidavits of infant plaintiff's siblings, as plaintiffs did not disclose those witnesses in response to the City's discovery demands and a prior court order (*see Ravagnan v One Ninety Realty Co.*, 64 AD3d

481 [2009]; *Masucci-Matarazzo v Hoszowski*, 291 AD2d 208 [2002]). In any event, the affidavits do not raise an issue of fact as to proximate causation. Accordingly, the cause of action for negligent supervision should be dismissed.

Plaintiffs' claim alleging violation of Social Services Law § 420 should also be dismissed because the notice of claim failed to allege any facts from which defendants could have gleaned plaintiffs' intention to raise such a claim (*see Shmueli v New York City Police Dept.*, 295 AD2d 271 [2002]; *see also O'Brien v City of Syracuse*, 54 NY2d 353, 358 [1981]). Concur—Andrias, J.P., Sweeny, Catterson, Renwick and Manzanet-Daniels, JJ.