H.M. v City of New York (2021 NY Slip Op 03376)





H.M. v City of New York


2021 NY Slip Op 03376


Decided on May 27, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 27, 2021

Before: Renwick, J.P., Manzanet-Daniels, Mazzarelli, Mendez, JJ. 


Index No. 154651/14 Appeal No. 13894 Case No. 2020-03354 

[*1]H.M., an Infant Under the Age of 4 Years by her Father and Natural Guardian, Sam M., et al., Plaintiffs-Respondents-Appellants,
v
City of New York et al., Defendants-Respondents, Leake & Watts Services Inc., Defendant-Appellant-Respondent, Leake & Watts Association of New York et al., Defendants, Jose Alicea, Defendant-Respondent-Appellant.


Rutherford & Christie, New York (Michael C. Becker of counsel), for Leake & Watts Services Inc., appellant-respondent and municipal respondents.
Sullivan Papain Block McGrath Coffinas & Cannavo PC, Garden City (Christopher J. DelliCarpini of counsel), for H.M., Sam M. and Tiffany D., respondents-appellants.
Scahill Law Group P.C., Bethpage (Kelly E. Wright of counsel), for Jose Alicea, respondent-appellant.



Order, Supreme Court, New York County (Alan C. Marin, J.), entered on or about March 6, 2020, which, to the extent appealed from as limited by the briefs, denied the motions of defendants Jose Alicea and Leake & Watts Services Inc. (Leake) for summary judgment dismissing the complaint and all cross claims as against them and granted defendant City of New York's (the City) motion for summary judgment dismissing the complaint as against it, unanimously modified, on the law, to grant Leake's motion, and otherwise affirmed, without costs.
In June 2013, the City and Leake removed the infant plaintiff, H.M. from her parents' home and placed her in the foster care of defendant Frankie Butler, who lived in a home owned by defendant Alicea, which has a bathroom on the second floor containing a shallow bathtub with sides lower than most tubs, and a hand-held shower. On August 13, 2013, as Butler was preparing to shower H.M., she turned on the water in the shower and momentarily became distracted -for a few seconds- picking up H.M.'s clothes from the floor when H.M., who was next to the bathtub at its far end, suddenly climbed into the bathtub and was burned by hot water from the shower that fell on and entered her rear diaper area.
The court properly denied Alicea's summary judgment motion because there is an issue of fact as to whether he created the dangerous hot water temperature when he replaced the home's hot water heater prior to the accident. Although Alicea submitted an affidavit of an engineer who opined that the water temperature in the bathroom was well within the applicable plumbing code requirements, plaintiffs raised an issue of fact by submitting an affidavit of their own expert, who opined that the water temperature exceeded the temperature that is considered good and accepted safety practices in the plumbing industry. The conflicting expert opinions raise issues of fact and credibility that cannot be resolved on this summary judgment motion (see Ayers v Mohan, 182 AD3d 479, 480 [1st Dept 2020]; Scholastic Inc. v Pace Plumbing Corp., 129 AD3d 75, 87 [1st Dept 2016]).
Leake demonstrated prima facie entitlement to summary judgment dismissing the negligent supervision claim against it because it established that it did not have "sufficiently specific knowledge or notice of the dangerous conduct which caused injury," and "[t]he scalding hot bath water was an intervening act or event that is divorced from and not the foreseeable risk associated with. . .defendant's alleged negligence" (Albino v New York City Hous. Auth., 78 AD3d 485, 490 [1st Dept 2010]; see Moore v City of New York, 85 AD3d 623, 624 [1st Dept 2011], lv denied 17 NY3d 713 [2011]; Keizer v SCO Family of Servs., 120 AD3d 475, 476-477 [2d Dept 2014]). The excessively hot water was not the foreseeable risk associated with Leake's alleged negligence in placing more than five children in the home, and the momentary inattention of Butler was not an act that should have been foreseeable [*2]by Leake in the exercise of reasonable care (see Moore at 624; Albino at 490). Plaintiffs' opposition fails to raise an issue of fact as to whether Leake had sufficient specific knowledge of the dangerous condition that caused the injuries.
For the same reasons, the City is entitled to summary judgment (see Albino, 78 AD3d at 489), regardless of whether it can claim governmental immunity. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 27, 2021